## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **TERRANCE PATRICK ESFELLER** | ) | **Civil Action Number 3:08-cv-63** |
| vs. | ) | |
| | ) | |
| **SEAN O'KEEFE** | ) | |
| | ) | **JUDGE PARKER** |
| and | ) | |
| **The Board of Supervisors for** | ) | |
| **Louisiana State University and** | ) | **MAGISTRATE JUDGE NOLAND** |

## DEFENDANT'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION TO DISMISS

NOW INTO COURT, comes Plaintiff Terrance Patrick Esfeller, ("Plaintiff") who files this Memorandum in Opposition to Plaintiff's Motion to Dismiss pursuant to the Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

## I. STATEMENT OF THE CASE

Plaintiff, a junior at Louisiana State University ("LSU"), filed the instant action after exhausting all administrative remedies pursuant to the LSU Code of Student Conduct (the "Code") administered by the Office of Judicial Affairs. *Complaint* ¶ 44.

On November 22, 2006, Judicial Affairs charged plaintiff with four violations of non-academic misconduct: 1) Making "Extreme, outrageous or persistent acts, or communications that are intended or reasonably likely to harass, intimidate, harm, or humiliate another," 2) "Committing an act or an attempting to commit an act on campus that would be in violation of city, parish, state, or federal law," 3)"Attempting to commit or assisting with the commission or attempted commission of any of the foregoing listed offenses," and 4)"Violating any rule and/or regulation of the University, including, but not limited to, administrative rules of campus offices." *Complaint* ¶¶ 11-15.

On November 27, 2006, plaintiff met with Dr. Eric Norman, Associate Dean of Students and Director of Judicial Affairs, to discuss the alleged violations. During this discussion, plaintiff was never given notice of which city, parish, state, or federal law he had allegedly violated, nor was he given notice about which rule and/or regulation of the University, including, but not limited to, administrative rules of campus offices he had allegedly violated, despite being charged with violations of said rules/laws by Judicial Affairs. *Complaint* ¶ 16.

On January 8, 2007, plaintiff met with Dr. Norman to discuss the findings of the investigation. Dr. Norman found plaintiff in violation of the Code and informed plaintiff of his options. *Complaint* ¶ 19. Plaintiff rejected the findings on and requested a hearing before a panel to decide upon the charges made against him. *Complaint* ¶ 21.

On March 5, 2007, plaintiff was asked to meet with Mrs. Rosemary Blum, Associate Director of Judicial Affairs, in order for a second investigation to be made into the case. *Complaint* ¶ 24. After her investigation, Mrs. Blum found plaintiff in violation of the Code and told him the options he had insofar as sanctions. *Complaint* ¶ 27. Plaintiff rejected the findings and requested a hearing before a panel to decide upon the charges made against him. *Complaint* ¶ 32.

Judicial Affairs conducted a hearing before a panel in plaintiff's absence on July 27, 2007, after plaintiff gave reasonable notification that he would not be able to attend the hearing due to work and financial reasons. *Complaint* ¶ 34. The hearing panel met and found plaintiff in violation of all four previously mentioned provisions of the Code. The hearing panel did not have access to all the evidence nor were they able to hear statements by the person given plaintiff's power-of-attorney to address the matter in his

absence. *Complaint* ¶ 37.

Thereafter, plaintiff appealed the hearing panel decision to the Vice-Chancellor of Student Life and Academic Services, Dr. Neil Mathews, on August 13, 2007. Plaintiff argued that serious procedural errors had been made in his case. Vice-Chancellor Mathews denied plaintiff's appeal on September 21, 2007, citing a lack of "clear and convincing new evidence" in the case. *Complaint* ¶ 42

Plaintiff finally sought a review of the matter by the Chancellor on September 25, 2007. The Chancellor denied plaintiff's appeal on December 21, 2007, which exhausted the administrative remedies permitted to plaintiff by the Code. *Complaint* ¶ 44.

## II.     RULE 12(b)(1) OPPOSITION

By reference, plaintiff incorporates defendants' applicable legal standards within defendants' memorandum in support of defendants motion 12(b)(1) motion to dismiss.

### A.     Sovereign Immunity does not bar all claims Plaintiff has against the Board of Supervisors.

Plaintiff is seeking both monetary and injunctive relief against the Board of Supervisors for violation of plaintiff's First, Sixth and Fourteenth Amendment rights guaranteed to him by the United States Constitution. Plaintiff brings his claims pursuant to 42 U.S.C. §1983. While plaintiff concedes monetary relief is barred by Eleventh Amendment sovereign immunity, the claim for prospective injunctive relief is not.

The Supreme Court in *Will v. Michigan Dep't of State Police* ruled that "a state official in his or her official capacity, when sued for injunctive relief, would be a person under § 1983 because `official-capacity actions for prospective relief are not treated as actions against the State.'" 491 U.S. at 71 n. 10, 109 S.Ct. 2304.

The Louisiana State University Board of Supervisors is a 16 member Board with enumerated power pursuant to Article VIII, Section 5(E) of the Louisiana State Constitution which states:

> Powers Not Vested. Powers of management over public institutions of postsecondary education not specifically vested by this Section in the Board of Regents are reserved to the Board of Supervisors of Louisiana State University and Agricultural and Mechanical College, the Board of Supervisors of Southern University and Agricultural and Mechanical College, the Board of Trustees for State Colleges and Universities, the Board of Supervisors of Community and Technical Colleges, and any other such board created pursuant to this Article, as to the institutions under the control of each.

Continuing, the Louisiana Constitution in Article VIII, Section 7(A) recognized that:

> Creation; Powers. The Board of Supervisors of Louisiana State University and Agricultural and Mechanical College and the Board of Supervisors of Southern University and Agricultural and Mechanical College are created as bodies corporate. Subject to powers vested by this Article in the Board of Regents, each shall supervise and manage the institutions, statewide agricultural programs, and other programs administered through its system.

In recognizing that the Board of Supervisors is created as bodies corporate, the 16 members of the Board are considered state officials and as such the claim against the Board for prospective injunctive relief is not barred by Eleventh Amendment immunity.

**B.    Sovereign Immunity does not bar all claims against O'Keefe.**

Plaintiff concedes that monetary relief sought against O'Keefe is barred by the principles of sovereign immunity, but prospective injunctive relief is permitted pursuant to the Supreme Court ruling in *Will* discussed in Section II (A). Because O'Keefe, in his official capacity as a state official, violated and continues to violate plaintiff's enumerated constitutional rights, injunctive relief is appropriate to remedy the ongoing harm.

## C.    Family Educational Rights and Privacy Act

Plaintiff concedes defendant's argument that there is no private right of action for violation of the Family Educational Rights and Privacy Act.

## D.    Right to Counsel and Representation

Plaintiff concedes that the right to counsel does not attach to university disciplinary proceedings.  Plaintiff was, however, denied access to the hearing panel process when the committee chair excluded the representatives sent on behalf of counsel pursuant to Louisiana mandate law. *Complaint* ¶ 37.

Article 2989 of the Louisiana Civil Code provides that "A mandate is a contract by which a person, the principal, confers authority on another person, the mandatary, to transact one or more affairs for the principal." Plaintiff had properly executed a contract of mandate for representatives to speak on his behalf in his absence at the hearing panel. The committee chair excluded the representatives thereby denying plaintiff any representation and violating his due process rights.

## III.    CONCLUSION

Defendants' Motion to Dismiss should not be granted in its entirety.  While it is conceded that monetary relief is not permitted because of the principles of sovereign immunity, prospective injunctive relief is permitted against the Louisiana State University Board of Supervisors as well as Sean O'Keefe for acting in their official capacities under color of state law to violate plaintiff's rights guaranteed to him by the United States Constitution. Insomuch as the Motion to Dismiss seeks to bar prospective injunctive relief, it should be denied.

Furthermore, plaintiff also concedes that there is no private right of action under

the Family Educational Rights and Privacy Act and that this claim should be dismissed.

Finally, while the claim for a right to counsel should be dismissed, defendants denial of plaintiff's legally executed contract of mandate for representation at the hearing panel is a violation of plaintiff's due process rights and as such this claim should not be dismissed.

Respectfully submitted this 12th day of May, 2008.

/s/ Donald Carl Hodge, Jr.
Donald Carl Hodge, Jr.
Louisiana Bar No. 29251
Attorney for Plaintiff
1900 South Acadian Thruway
Baton Rouge, LA 70808
Telephone: 225-303-8610
Fax: 225-346-0020

## CERTIFICATE OF SERVICE

I hereby certify that on May 12, 2008, I electronically filed the foregoing with the clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record.

/s/ Donald Carl Hodge, Jr.
Donald Carl Hodge, Jr.
Louisiana Bar No. 29251
Attorney for Plaintiff
1900 South Acadian Thruway
Baton Rouge, LA 70808
Telephone: 225-303-8610
Fax: 225-346-0020

| | |
|---|---|
| **TERRANCE PATRICK ESFELLER** ) | **Civil Action Number 3:08-cv-63** |
| **vs.** ) | |
| ) | |
| **SEAN O'KEEFE** ) | |
| ) | **JUDGE PARKER** |
| **and** ) | |
| **The Board of Supervisors for** ) | |
| **Louisiana State University and** ) | **MAGISTRATE JUDGE NOLAND** |

### <u>DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO DISMISS</u>

NOW INTO COURT comes Plaintiff Terrance Patrick Esfeller and submits this

Opposition to Plaintiff's Motion to Dismiss pursuant to The Federal Rules of Civil

Procedure 12(b)(1) and 12(b)(6). Plaintiff's memorandum in opposition to this motion is

filed contemporaneously herewith and are incorporated herein by reference.


Respectfully submitted this 12th day of May, 2008.

<u>/s/ Donald Carl Hodge, Jr.</u>
Donald Carl Hodge, Jr.
Louisiana Bar No. 29251
Attorney for Plaintiff
1900 South Acadian Thruway
Baton Rouge, LA 70808
Telephone: 225-303-8610
Fax: 225-346-0020

## CERTIFICATE OF SERVICE

I hereby certify that on May 12, 2008, I electronically filed the foregoing with the

clerk of Court using the CM/ECF system which will send notification of such filing to all

counsel of record.

/s/ Donald Carl Hodge, Jr.
Donald Carl Hodge, Jr.
Louisiana Bar No. 29251
Attorney for Plaintiff
1900 South Acadian Thruway
Baton Rouge, LA 70808
Telephone: 225-303-8610
Fax: 225-346-0020

# UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **TERRANCE PATRICK ESFELLER** | ) | **Civil Action Number 3:08-cv-63** |
| **vs.** | ) | |
| | ) | |
| **SEAN O'KEEFE** | ) | |
| | ) | **JUDGE PARKER** |
| **and** | ) | |
| **The Board of Supervisors for** | ) | |
| **Louisiana State University and** | ) | **MAGISTRATE JUDGE NOLAND** |

## ORDER

Considering Plaintiff's Motion to Dismiss and Defendant's Opposition thereto and for the reasons set forth in Defendant's Memorandum of Law in Opposition to the Motion to Dismiss, it is hereby:

ORDERED that Plaintiff's Motion to Dismiss is DENIED.

Accordingly, further proceedings will be conducted on the remaining questions of Plaintiff's damages and remedies.

This ___ day of _____, 2008, in Baton Rouge, Louisiana.

_____
JUDGE, UNITED STATES DISTRICT COURT