UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

TERRANCE PATRICK ESFELLER

VERSUS

SEAN O'KEEFE AND
THE BOARD OF SUPERVISORS FOR
LOUISIANA STATE UNIVERSITY

CIVIL ACTION

NO. 08-63-JVP-CN

**RULING ON MOTION TO DISMISS**

This matter is before the court on a motion by defendants, Sean O'Keefe and the Board of Supervisors of Louisiana State University, to dismiss pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure (doc. 10). Plaintiff, Terrance Patrick Esfeller, has opposed[1] the motion (doc. 13). Jurisdiction is based on 28 U.S.C. § 1331. There is no need for oral argument and the matter is now submitted.

**FACTS AND PROCEDURAL HISTORY**

On January 21, 2008, plaintiff filed this action against the Board of Supervisors of Louisiana State University and Sean O'Keefe in his official capacity as chancellor of Louisiana State University. Plaintiff's complaint alleges that defendants violated his First Amendment right of free speech, his Fourteenth Amendment right of due process, his Sixth Amendment right to counsel, his Fifth Amendment right to

---

[1]The opposition was not timely filed by the court will consider it nonetheless.

1

property, and his right to privacy pursuant to the Family Educational Rights and Privacy Act, 20 U.S.C. § 1232(g). (Original complaint, ¶¶ 46, 54, 58).

The complaint alleges that, on November 22, 2006, the university's Office of Judicial Affairs charged plaintiff with four violations of non-academic misconduct: (1) extreme, outrageous or persistent acts or communications that are intended or reasonably likely to harass, intimidate, harm or humiliate another; (2) committing an act or attempting to commit an act on campus that would be in violation of city, parish, state, or federal law; (3) attempting to commit or assisting with the commission or attempted commission of any of the foregoing listed offenses; and (4) violating any rule and/or regulation of the university, including, but not limited to administrative rules of campus offices. (Original complaint, ¶¶ 11-15).

The complaint further alleges that on November 27, 2006, plaintiff met with Dr. Eric Norman, Associate Dean of Students and Director of Judicial affairs, who failed to give him notice of the specific laws or university rules or regulations he had allegedly violated. On January 8, 2007, plaintiff rejected the university's proposed sanction of one year disciplinary probation combined with a requirement that he enroll and attend an anger management course. One week later, plaintiff met with representatives of the school newspaper to discuss his alleged mistreatment by the university and was asked to sign a release that granted reporters access to his disciplinary records. According to plaintiff, the university responded by threatening

him with additional charges if he made his case public. (Original complaint, ¶¶ 16, 20-23).

The complaint alleges that a second investigation was then made by the university in which it also investigated allegations of child abuse by plaintiff and questioned his child's teacher, thus violating his right to privacy. As a result of the second investigation, the university proposed the same sanction, but as an alternative proposed that it would impose only a disciplinary warning if plaintiff enrolled and completed an anger management course and accepted and admitted the charges brought against him. Plaintiff again rejected the sanctions and requested a panel hearing on the charges. (Original compliant, ¶¶ 25-32)

According to the complaint, the university denied plaintiff access to copies of the evidence to be used against him. The complaint also alleges that the university denied plaintiff the right to defend himself by holding the hearing on July 27, 2007 despite the fact that he gave "reasonable notification that he would not be able to attend the hearing due to work and financial reasons." Moreover, plaintiff alleges that he was denied representation by counsel, and that the hearing was held without the panel having access to all of the evidence.[2] (Original complaint, ¶¶ 33-35).

The complaint alleges that, as a result of the hearing, plaintiff was placed on disciplinary probation until completion of an anger management course, at which

---

[2]According to plaintiff, the panel was "unable" to hear statements by the persons to whom he had given power-of-attorney to address the matter in his absence (original complaint, ¶ 37).

time he would be placed on warning probation until his graduation.[3] Plaintiff also maintains that the university disclosed the outcome of the disciplinary hearing to the person who had originally filed charges against him, thus violating privacy rights afforded him under the Family Educational Rights and Privacy Act of 1974. (Original complaint, ¶¶ 41-42).

Plaintiff alleges that he appealed the decision on the ground that serious procedural errors were made by the university, but on August 13, 2007, Dr. Neil Mathews, Vice-Chancellor of Student Life and Academic Services, denied the appeal, citing a lack of clear and convincing new evidence in the case.[4] Then, on December 21, 2007, Chancellor O'Keefe denied plaintiff's request for review of the matter, thus exhausting plaintiff's administrative remedies. (Original complaint, ¶ 44).

Plaintiff's complaint lists four separate claims. As to the first claim, plaintiff notes that he was charged with violating a provision of the university's code of conduct which prohibits "extreme, outrageous or persistent acts, or communications that are intended or reasonably likely to harass, intimidate, harm, or humiliate another." Plaintiff contends that this provision is vague and overbroad, thus depriving him of his Fourteenth Amendment right to due process as well as infringing

---

[3]Plaintiff contends that this sanction exceeded those previously handed down by the Office of Judicial Affairs (original complaint, ¶ 40).

[4]Plaintiff alleges that the vice-chancellor therefore failed to address the basis of the appeal– whether procedural error had been made (original complaint, ¶ 42).

upon his First Amendment right to free speech. Therefore, pursuant to 42 U.S.C. §§ 1983 and 1988, plaintiff seeks monetary damages, attorneys' fees and costs, as well as an injunction to prevent the university from enforcing the contested provision.[5] (Original complaint, ¶¶ 45-48).

As to the second claim, plaintiff notes that the university charged him with "committing an act or attempting to commit an act on campus that would be in violation of city, parish, state, or federal law," and with "violating any rule and/or regulation of the university, but not limited to, administrative rules of campus offices." He alleges, however, that by failing to specifically state what laws, rules or regulations he is alleged to have violated, the university failed to provide him with reasonable notice of the charges so as to allow him to conduct a reasonable defense. Plaintiff maintains that the university thereby deprived him of his Fourteenth Amendment right of due process. Pursuant to 42 U.S.C. §§ 1983 and 1988, plaintiff seeks monetary damages, attorneys' fees, costs, and an injunction

---

[5]Title 42 U.S.C. § 1983 provides in pertinent part:
> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured in any action at law, suit in equity, or other proper proceeding for redress . . . .

Title 42 U.S.C. § 1988(b) provides in pertinent part:
> In any action or proceeding to enforce a provision of sections 1981, 1981(a), 1982, 1983, 1985, and 1986 of this title, . . . the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as paart of the costs . . . .

preventing the university from enforcing the sanctions imposed upon him as result of the hearing. (Original complaint, ¶¶ 49-52).

Plaintiff's complaint also alleges that the university deprived him of a vested property interest without due process of law by denying him the right to be heard and the right to be represented by counsel.[6] Again, plaintiff seeks attorneys' fees, costs, an injunction, and monetary damages pursuant to §§ 1983 and 1988. (Original complaint, ¶¶ 53-56).

Finally, plaintiff alleges that the proceedings held against him violated his rights to privacy, because the university inquired about alleged abuse of his child and because it informed the person who originally filed charges against him of the outcome of the hearing. Plaintiff maintains that he is thus entitled under §§ 1983 and 1988 to monetary damages, attorneys's fees, costs, and an injunction preventing the university from enforcing sanctions against him. (Original complaint, ¶¶ 57-60).

On April 1, 2008, defendants filed the current motion for dismissal pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

## LAW AND DISCUSSION

A complaint must be dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the court lacks the statutory or constitutional power to hear the

---

[6]Plaintiff, however, does not identify any vested property interest of which he was deprived by the university's action.

case. *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). The burden of proof on a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction. *Strain v. Harrelson Rubber Co.*, 742 F.2d 888, 889 (5th Cir. 1984). "A motion to dismiss under Rule 12(b)(1) is analyzed under the same standard as a motion to dismiss under Rule 12(b)(6)." *Benton v. U.S.*, 960 F.2d 19, 21 (5th Cir. 1992).

In reviewing a Rule 12(b)(6) motion, a court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mutual Auto Ins. Co.*, 509 F.3d 673, 675 (5th Cir. 2007); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). In ruling on a 12(b)(6) motion, the court cannot look beyond the pleadings. *Id.* The pleadings include the complaint and any documents attached to it. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000).

The ultimate question in a Rule 12(b)(6) motion is whether the complaint states a valid claim when it is viewed in the light most favorable to the plaintiff. *Great Plains Trust Co. v. Morgan Stanley Dean Witter*, 313 F.3d 305, 312 (5th Cir. 2002). A court, however, will not strain to find inferences favorable to the plaintiff and will not accept conclusory allegations, unwarranted deductions, or legal conclusions. *R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005).

In the present case, defendants contend that Eleventh Amendment immunity bars suit against the Board of Supervisors of Louisiana State University and against

Chancellor O'Keefe in his official capacity. Defendants maintain that dismissal is therefore appropriate pursuant to Rule12(b)(1) of the Federal Rules of Civil Procedure on the ground that the court lacks subject matter jurisdiction over the present suit. (Doc. 10-2, pp. 2-4).

Defendants also argue that: (1) neither defendant is a "person" under 42 U.S.C. § 1983; (2) the Family Educational Rights and Privacy Act does not confer a private right of action; (3) the Sixth Amendment right to counsel does not apply to school disciplinary proceedings; and (4) plaintiff has failed to articulate any property right in which he claims to have a vested interest. Therefore, they contend that dismissal is appropriate under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim under which relief can be granted. (Doc. 10-2, pp. 5-9).

Plaintiff, in his opposition to the motion to dismiss, concedes that Eleventh Amendment sovereign immunity bars monetary relief in the present case. He also concedes that the Family Educational Rights and Privacy Act does not confer a private right of action, and that the Sixth Amendment right to Counsel does not apply to university disciplinary proceedings. (Doc. 13, pp. 3-5). Therefore, the court shall dismiss these claims without further discussion.

Plaintiff, however, argues that the Eleventh Amendment does not bar his claims against the Board of Supervisors for injunctive relief. He notes that Article VIII, § 7(A) of the Louisiana Constitution provides that the Board of Supervisors of Louisiana State University and Agricultural and Mechanical College is created as a

body corporate. Plaintiff reasons that, because the Board of Supervisors is a body corporate, "the [sixteen] members of the Board are considered state officials and as such the claim for injunctive relief is not barred by Eleventh Amendment immunity." (Doc. 13, pp. 3-4).

Plaintiff also argues that the claims for injunctive relief filed against Chancellor O'Keefe in his official capacity are not barred by Eleventh Amendment immunity. In support of this contention, plaintiff notes that the Supreme Court in *Will v. Michigan Dep't. of State Police* ruled that "a state official in his or her official capacity, when sued for injunctive relief, would be a person under § 1983 because 'official-capacity actions for prospective relief are not treated as actions against the State.'" (Doc. 13, p. 4 (*citing* 491 U.S. 58, 71, 109 S.Ct. 2304, 2312, 105 L.Ed.2d 45)).

Finally, though plaintiff concedes that he had no Sixth Amendment right to counsel at his disciplinary hearing, he maintains that the committee chair violated his right to due process by excluding the representatives that he had legally contracted to speak on his behalf at the hearing. (Doc. 13, p. 5).

Therefore, plaintiff continues to seek injunctive relief, attorneys' fees and costs pursuant to 42 U.S.C. §§ 1983 and 1988 for alleged violations of his First Amendment right of free speech and Fourteenth Amendment right of due process on the ground that one of the provisions of the university code of conduct enforced against him is vague and overbroad. He seeks similar relief on the grounds that his Fourteenth Amendment right of due process was allegedly violated because the

university failed to provide him with reasonable notice of the charges against him so as to allow a reasonable defense, and because the panel refused to permit his mandataries to speak at the hearing in his absence.

**Claims Against the Board of Supervisors**

Sovereign immunity under the Eleventh Amendment bars a state's citizens from suing the state or its agencies in federal courts and thus deprives federal courts of jurisdiction in such cases. *Cozzo v. Tangipahoa Parish Council-President Government*, 279 F/3d 273, 280 (5th Cir. 2002). When a state agency is the named defendant, Eleventh Amendment immunity bars claims for both money damages and injunctive relief unless the state has waived its immunity. *Id.* (citing *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144, 113 S.Ct. 684, 121 L.Ed.2d 605 (1993)). Louisiana has expressly declined to waive its immunity. *See* La. R.S. 13:5106(A) (providing that "[n]o suit against the state or a state agency or political subdivision shall be instituted in any court other than a Louisiana state court").

Plaintiff offers no caselaw to support his argument that, because the Board of Supervisors is composed of state officials, the Eleventh Amendment does not provide it immunity from claims for injunctive relief.[7] To the contrary, this court has previously held that the Board of Supervisors of Louisiana State University is a state

---

[7]The court notes that all agencies and arms of the state are comprised of state officials. Therefore, adoption of plaintiff's reasoning would render Eleventh Amendment immunity inapplicable to any such entity.

agency immune to suit in federal court.  See *Hinson v. Belcher*, 763 F.Supp. 711 (M.D.La. 1990).  Though not binding on this court, other courts have held likewise. See e.g., *Boston v. Tanner*, 29 F.Supp.2d 743 (W.D.La. 1998); *Dyess v. Louisiana State University Bd. of Supervisors*, 2005 WL 2060915 (E.D.La. 2005); *Thomason v. Medical Center of Louisiana at New Orleans*, 2002 WL 83645 (E.D.La. 2002). Moreover, the Fifth Circuit has held that Louisiana State University is an arm of the state and thus protected from suit in federal court.  See *Laxey v. Louisiana Board of Trustees*, 22 F.3d 621 (5th Cir. 1994).  Accordingly, the court concludes that the Board of Supervisors of Louisiana State University is a state agency and immune to liability under plaintiff's § 1983 claims.

**Claims Against Chancellor O'Keefe**

In *Will v. Michigan Dept. of State Police*, the Supreme Court stated that "a suit against a state official in his or her official capacity is not a suit against the official, but rather is a suit against the official's office.  As such, it is no different than a suit against the State itself." 491 U.S. 58, 71, 109 S.Ct. 2304, 2312, 105 L.Ed.2d 45. However, the doctrine of *Ex parte Young* provides an exception to this general rule by allowing plaintiffs to sue state officials for prospective injunctive relief to end a continuing violation of federal law.  209 U.S. 123, 28, S.Ct. 441, 52 L.Ed. 714 (1908); see also *Meyers ex rel. Benzing v. Texas*, 410 F.3d 236, 256 (5th Cir. 2005) (stating that "[t]he purpose of the doctrine of *Ex parte Young* is to allow plaintiffs asserting federal law claims to circumvent the state's sovereign immunity from suit by suing

11

state officers instead"); *Wiggins v. Stone*, 570 F.Supp. 1451, 1453 (M.D.La 1983) (stating "it is clear that injunctive relief may be granted against an official of the state under circumstances where the state itself is immune from liability").

Therefore, the court concludes that it has jurisdiction over plaintiff's claims against Chancellor O'Keefe in his official capacity for injunctive relief. Moreover, the court concludes that Chancellor O'Keefe, in his official capacity, is a "person" who may be sued for injunctive relief pursuant to 42 U.S.C. § 1983. See *Will*, 491 U.S. at 71, n. 10. (stating that "a state official in his or her official capacity, when sued for injunctive relief, would be a person under § 1983 because 'official-capacity actions for prospective relief are not treated as actions against the state'" (citing *Kentucky v. Graham*, 473 U.S. 159, 167, n. 14, 105 S.Ct. 3099, 3106, 87 L.Ed.2d 114; *Ex parte Young*, 209 U.S., at 159-160, 28 S.Ct., at 453-454)).

## CONCLUSION

For the foregoing reasons, the motion by defendants, Sean O'Keefe and the Board of Supervisors of Louisiana State University, to dismiss (doc. 10) is hereby **GRANTED** insofar as it seeks dismissal pursuant to Fed.R.Civ.P. 12(b)(1) of all claims against the Board of Supervisors and claims for monetary damages against Sean O'Keefe. The motion is also **GRANTED** insofar as it seeks dismissal pursuant to Fed.R.Civ.P 12(b)(6) of all claims against defendant, Sean O'Keefe, founded upon alleged violations of the Sixth Amendment, Fifth Amendment, and the Family Educational Rights and Privacy Act, U.S.C. § 1232(g). The motion is hereby

**DENIED** insofar as it seeks dismissal of claims for injunctive relief, attorneys' fees and costs against defendant, Sean O'Keefe, founded upon alleged violations of the First Amendment and the Fourteenth Amendment Due Process Clause.

Baton Rouge, Louisiana, May 30, 2008.

*/s/ John V. Parker*
JOHN V. PARKER
UNITED STATES DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA
