UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| TERRANCE PATRICK ESFELLER | CIVIL ACTION NO. 08-063 |
| VERSUS | JUDGE TRIMBLE |
| LOUISIANA STATE UNIVERSITY AND AGRICULTURAL AND MECHANICAL COLLEGE BOARD OF SUPERVISORS and SEAN O'KEEFE | MAGISTRATE JUDGE KIRK |

## MEMORANDUM RULING

Before the court is a motion to dismiss filed by the sole remaining defendant to the above-captioned suit, Sean O'Keefe, seeking dismissal of all remaining claims by plaintiff against him.[1] For the reasons expressed herein below, the court finds that defendant's instant motion should be GRANTED.

I.  BACKGROUND

A.  Relevant Facts

Plaintiff, Terrence Patrick Esfeller, is a former student at Louisiana State University in Baton Rouge, Louisiana ("LSU").[2] In 2006, plaintiff was accused of harassment and threatening behavior by his former girlfriend who was also a student at LSU at that time.[3] On November 22, 2006, the LSU Office of Judicial Affairs charged plaintiff with

---

[1] R. 57.

[2] R. 1 at ¶ 3.

[3] R. 60 at p. 2.

1

(1) extreme, outrageous or persistent acts, or communications that are intended or reasonably likely to harass, intimidate, harm, or humiliate another.

(2) committing an act or an attempting to commit an act on campus that would be in violation of city, parish, state, or federal law.

(3) Attempting to commit or assisting with the commission or attempted commission of any of the foregoing listed offenses.

(4) Violating any rule and/or regulation of the University, including, but not limited to, administrative rules of campus offices.[4]

On November 27, 2006, plaintiff met with Dr. Eric Norman, the Associate Dean of Students and Director of Judicial Affairs at LSU ("Dr. Norman"), to discuss these allegations.[5] Plaintiff claims that, during this meeting, he was never advised of what LSU rule or regulation or city, parish, state or federal law he allegedly violated.[6]

Plaintiff met with Dr. Norman again on January 8, 2007 to discuss the findings of the investigation.[7] Dr. Norman found plaintiff had violated the LSU Code of Student Conduct ("Code") and offered plaintiff sanctions of one (1) year of disciplinary probation and completion of an anger management course.[8] Plaintiff claims that Dr. Norman failed to interview any of plaintiff's

---

[4] R. 1 at ¶¶ 12-15.

[5] Id. at ¶ 16.

[6] Id.

[7] Id. at ¶ 17.

[8] Id. at ¶ 20.

2

witnesses prior to arriving at his decision concerning the allegations against plaintiff.[9] Plaintiff rejected the sanctions offered by Dr. Norman and requested a hearing before a panel.[10]

Plaintiff was asked to meet with Rosemary Blum ("Blum"), Associate Director of Judicial Affairs, on March 5, 2007.[11] After a second investigation, Blum found that plaintiff violated the Code and offered the same sanctions as were previously offered by Dr. Norman.[12] Plaintiff argued to Blum that he knew of another student, charged with similar Code violations, who was only subjected to a disciplinary warning for one (1) semester – a much lesser penalty than plaintiff was being offered.[13] Plaintiff alleges that Blum offered to reduce the sanctions to a one (1) semester disciplinary warning and completion of an anger management course in exchange for plaintiff's admission of guilt as to the charge against him.[14] Plaintiff again rejected these sanctions and renewed his request for a panel hearing.[15]

Judicial Affairs conducted a panel hearing on July 27, 2007, at which plaintiff was not present. Plaintiff claims that the hearing was held on that date despite his "reasonable notification that he would not be able to attend the hearing due to work and financial reasons."[16] Plaintiff asserts

---

[9] Id. at ¶ 18.

[10] Id. at ¶ 21.

[11] Id. at ¶ 24.

[12] Id. at ¶ 29.

[13] Id. at ¶ 30.

[14] Id. at ¶ 31.

[15] Id. at ¶ 32.

[16] R. 60 at p. 3.

that the conduct of the panel hearing despite his absence denied him the right to defend himself against the allegations at issue.[17] Specifically, plaintiff asserts that counsel was not permitted to represent him during the proceedings and that the panel was not presented with all of the evidence that should have been made available to them.[18]

At the conclusion of the hearing, the panel found that plaintiff was guilty of the four (4) Code violations with which he was charged in November of 2006.[19] The panel imposed the sanction of disciplinary probation until plaintiff completed an anger management course.[20] The panel further found that, after completion of the anger management course, plaintiff should be placed on warning probation until graduation.[21]

Plaintiff appealed the ruling of the panel to Dr. Neil Mathews, Vice-Chancellor of Student Life and Academic Services on August 13, 2007.[22] Dr. Mathews denied plaintiff's appeal on September 21, 2007, citing a lack of "clear and convincing new evidence."[23] Plaintiff sought further review by the Chancellor, named defendant herein, and such review was denied on December 21, 2007.[24]

---

[17] R. 1 at ¶ 35.

[18] Id. at ¶¶ 36-38.

[19] Id. at ¶ 37.

[20] Id. at ¶ 39.

[21] Id.

[22] Id. at ¶ 42.

[23] Id.

[24] Id. at ¶ 44.

4

Plaintiff filed the above-captioned suit against the Chancellor, Sean O'Keefe, in his official capacity and the LSU Board of Supervisors on January 31, 2008. Plaintiff's suit alleged violations of his First, Fifth, Sixth and Fourteenth Amendment rights as well as his right to privacy under the Federal Educational Rights and Privacy Act ("FERPA").[25] Plaintiff sought not only monetary relief, but also preliminary and permanent injunctive relief in these claims.

Defendants filed a motion to dismiss, which was partially granted by the court, speaking through then-presiding Judge John Parker.[26] Specifically, the court dismissed all claims under § 1983 against the Board of Supervisors based on jurisprudence recognizing that the LSU Board of Supervisors is an arm of the state and immune to suit in federal court.[27] Additionally, the court concluded that, since plaintiff sued the Chancellor in his official capacity, he had essentially sued the State of Louisiana, since the Chancellor is a state official. The court preserved plaintiff's First and Fourteenth Amendment claims for prospective injunctive relief against the Chancellor, but dismissed all other claims against the Chancellor under the Fifth and Sixth Amendments, as well as FERPA.

On March 30, 2009, plaintiff filed a motion for preliminary injunctive relief asking the court to enjoin O'Keefe from enforcing the Code provision at issue against plaintiff until further order of the court.[28] The court denied plaintiff's motion on June 18, 2009 and, on July 12, 2009, plaintiff

---

[25] 20 U.S.C. § 1232g.

[26] R. 10.

[27] Id. at p. 11.

[28] R. 23.

5

appealed that ruling to the U.S. Court of Appeals for the Fifth Circuit.[29] The Fifth Circuit affirmed this court's denial of injunctive relief by judgment and mandate issued in August of 2010.[30]

After receiving notice of the Fifth Circuit's ruling, this case was fixed for trial by jury on November 14, 2011 before the undersigned.[31] During the telephone trial fixing conference, held on December 28, 2010, U.S. Magistrate Judge James D. Kirk ordered the plaintiff to file a statement of issues to be tried, after hearing argument from defendant that no triable issues remained in this case. Plaintiff filed such statement on January 11, 2011.[32]

On January 25, 2011, a motion to dismiss pursuant to Fed. R. Civ. P. 12(c) was filed by defendant O'Keefe. All delays for the filing of briefs in this matter have lapsed and, accordingly, the court finds that the motion is ripe for decision.

### B. Applicable Standard

Fed. R. Civ. P. 12(c) allows for the filing of a motion for judgment on the pleadings, which is reviewed under the same standard applicable to motions to dismiss for failure to state a claim upon which relief may be granted pursuant to Fed. R. Civ. P. 12(b)(6).[33] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is

---

[29] R. 30, 32.

[30] R. 52.

[31] R. 55.

[32] R. 56.

[33] In re Great Lakes Dredge & Dock Co., 624 F.3d 201, 209-10 (5th Cir. 2010).

plausible on its face.'"[34]

In examining the complaint at issue, we construe all well-pleaded facts as true and view the complaint in the light most favorable to the plaintiff.[35] The court will not, however, accept conclusory allegations or legal conclusions purporting to be fact as a sufficient basis for denial of a motion under Rule 12(b)(6).[36]

## II. ANALYSIS

Defendant's motion asserts that the law of the case doctrine bars relitigation of issues of law or fact already decided by the Fifth Circuit absent an intervening change in the underlying facts or law.[37] Pointing out that plaintiff's statement of triable issues discloses no change in the underlying facts or law since the Fifth Circuit's ruling as to plaintiff's appeal, defendant argues that plaintiff's assertion that issues related to his Fourteenth Amendment procedural due process claim remain for trial is in error. Specifically, defendant asserts that the Fifth Circuit has already ruled that plaintiff received all of the due process to which he was entitled.

Plaintiff's statement of issues argues that plaintiff "will present evidence and testimony about the reasons plaintiff was unable to have an opportunity to be heard by the hearing panel" and that "[t]estimony will show that evidence [plaintiff] presented to the hearing panel was not able to be heard and no witnesses were able to testify to refute the claims by defendant that plaintiff

---

[34]Ashcroft v. Iqbal, 129 S.Ct. 1937 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 554, 570 (2007)).

[35]Taylor v. Books A Million, Inc., 296 F.3d 376, 378 (5th Cir. 2002).

[36]Id.

[37]R. 57-1 at pp. 17-21.

7

[committed] "[e]xtreme, outrageous or persistent acts, or communications that are intended or reasonably likely to harass, intimidate, harm or humiliate another."[38]

Our review of the Fifth Circuit's ruling reveals that the appellate court did, in fact, extensively consider plaintiff's claim for violation of his Fourteenth Amendment due process rights concerning his right to be present and to present evidence at the panel hearing at issue. The Fifth Circuit found, as argued by defendant, that plaintiff received all the due process to which he was entitled. Specifically, the court found that: (1) plaintiff was not entitled to the same due process in a student disciplinary proceeding as would be available to him in a court of law, (2) that plaintiff was provided ample notice of the specific charges against him on more than one occasion, (3) that LSU endeavored for four (4) months to schedule the panel hearing on a date suitable to both the panel and plaintiff and, after having selected the July 2007 date upon which the hearing was eventually held, plaintiff notified LSU that he would not be present at the hearing at the close of business on the night before the scheduled hearing and that, despite plaintiff's absence, the panel heard from witnesses "designated by [plaintiff] and considered the documentary evidence that he submitted." Finally, the court found that the undisputed facts before it demonstrated that plaintiff was given multiple opportunities to be heard by "officials with the power to overturn the panel ruling" and, thus, had been afforded the opportunity to "'characterize [the] conduct and put it in...the proper context.'"[39]

As argued by defendant, the law of the case doctrine prohibits reconsideration of issues of law or fact by a district court when such issues were previously decided on appeal, unless the party advocating reconsideration demonstrates an intervening change in law or fact since the issuance of

---

[38]R. 56.

[39]R. 57-2 at pp. 8-9 (internal citations omitted).

the ruling by the appellate court.[40]

Given the foregoing, we agree that the no triable issue remains as to plaintiff's Fourteenth Amendment claim for injunctive relief against defendant concerning any due process violation alleged to have occurred by the conduct of the panel hearing in his absence. The Fifth Circuit has clearly ruled that the facts of this case show no likelihood that plaintiff could prevail on the merits of this claim and, thus, no injunctive relief remains available to plaintiff on this issue. Indeed, the court's specific factual findings as rehearsed above foreclose this court's ability to grant injunctive relief on plaintiff's Fourteenth Amendment claim, the appellate court having expressly concluded that no due process violation occurred in this case.

Plaintiff's memorandum in opposition to defendant's motion to dismiss asserts no new facts or change in law with respect to this appellate finding and, thus, defendant's motion to dismiss will be granted as to plaintiff's Fourteenth Amendment due process injunctive relief claim.[41]

Defendant's motion similarly requests dismissal of plaintiff's purported remaining First Amendment free speech injunctive relief claim. Defendant asserts that the Fifth Circuit has already ruled that, as a matter of law, the LSU Code provision challenged by plaintiff is neither vague, nor overly broad and, thus, plaintiff can show no remaining triable First Amendment issue.

Plaintiff opposes the dismissal of any such claim, arguing that the Fifth Circuit found only that as to his facial challenge to the LSU Code provision at issue, the appellate court has not yet

---

[40]Tollett v. City of Kemah, 285 F.3d 357 (5th Cir. 2002); Conway v. Chemical Leaman Tank Lines, Inc., 644 F.2d 1059 (5th Cir. 1981); EEOC v. Int'l. Longshoreman's Ass'n., 623 F.2d 1054 (5th Cir. 1980).

[41]R. 60.

"heard evidence or ruled on the as-applied challenge."[42]

Our further review of the Fifth Circuit's ruling indicates that the court deemed plaintiff's argument concerning any as-applied challenge to have been waived based on plaintiff's failure to identify the conduct or speech he contends is protected and, further, to discuss how the LSU Code provision at issue impinged on his particular free speech rights.[43] Plaintiff's memorandum in opposition to defendant's motion makes no improvement upon his prior "nominal" as-applied challenge, citing no specific facts which support an as-applied challenge. Although plaintiff summarily lists the names of twenty (20) witnesses who he purports will offer evidence of the statements he made and will show that, as applied, the LSU Code provision at issue is unconstitutional, this conclusory offering is, as explained above, insufficient to stave off dismissal under Fed. R. Civ. P. 12(b)(6).

Accordingly, we find that defendant's motion to dismiss should also be granted as to plaintiff's purported remaining First Amendment free speech injunctive relief claim.

## III. CONCLUSION

Based on the law and argument presented by the parties, it is the finding of this court that defendant's motion to dismiss all remaining claims for injunctive relief against him by plaintiff should be granted in full. Specifically, the court finds that plaintiff's Fourteenth Amendment claim for injunctive relief was foreclosed by the express ruling of the Fifth Circuit that plaintiff was not deprived of any due process to which he was entitled by the conduct of a panel hearing by LSU

---

[42] Id. at p. 6.

[43] R. 57-2 at p. 5 n. 2.

outside his presence under the facts of this case. Additionally, the court finds that plaintiff has failed to demonstrate any plausible claim for injunctive relief as to his purported remaining First Amendment free speech injunctive relief claim, advancing only conclusory allegations and lacking in any specific factual citations which would support an as-applied challenge in this case.

The court will issue a judgement in conformity with these findings.

**Alexandria, Louisiana**
**April _14_, 2011**

/s/ James Trimble
JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE